# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Regina M. Rodriguez

Civil Action No. 26-cv-0289-RMR

LUIS GONZALEZ TOMATZIN,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center;
ROBERT HAGAN, in his official capacity as Field Office Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement;
TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement;
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; and
PAMELA JO BONDI, in her official capacity as Attorney General of the United States,

    Respondents.

## ORDER

Pending before the Court is Petitioner's Writ of Habeas Corpus ("Petition"), ECF No. 1, and Petitioner's Motion to Expedite Decision on Petition for Writ of Habeas ("Motion to Expedite"), ECF No. 10. Respondents filed a Response to the Petition, ECF No. 8, and Petitioner filed a Reply to the Response, ECF No. 9. The Court has reviewed the Petition, the Motion, the related briefing, and the applicable case law. As the briefing demonstrates that Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court GRANTS the relief requested.

## I.     BACKGROUND

Petitioner is a Mexico citizen and has resided in the United States since 2002, when he entered the United States without inspection. ECF No. 1 ¶¶ 1, 3. He has been continuously present in the United States since his arrival. *Id.* ¶ 4. He has U.S. citizen children, will soon have a U.S. citizen wife, and will have more U.S. citizen step-children. *Id.* He has no criminal convictions and is not a flight risk. *Id.*

In December 2025, U.S. Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner. *Id.* ¶ 1. On December 11, 2025, the Aurora Immigration Court issued a denial of his request for a bond hearing stating a "lack of jurisdiction." *Id.* ¶ 12. Petitioner is currently detained at the GEO Contract Detention Facility in Aurora, Colorado. *Id.* ¶¶ 1-2. Petitioner argues that he is a member of the *Maldonaldo Bautista* class unlawfully detained under 8 U.S.C. § 1225(b)(2)(A) and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶¶ 67-88. Respondents state that "[w]hen Petitioner was detained by ICE, he was present in the United States without being admitted or paroled" and "subject to mandatory detention under § 1225(b)." ECF No. 8 at 2.

## II.     ANALYSIS

Section 1225(b)(1) covers the "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)

2

(emphasis added). Individuals detained following examination under § 1225 can only be paroled into the United States "for urgent humanitarian reasons or significant public benefit." *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). By contrast, under Section 1226(a) "an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). And immigration authorities "may release the alien on . . . bond . . . or . . . conditional parole." 8 U.S.C. § 1226(a)(2)(A), (B).

Relying on the Supreme Court's decision in *Jennings* Respondents argue that "§ 1225 applies to "applicants for admission," and that this term applies to *both* (a) an "arriving alien," as well as (b) an individual who is *present* in the United States but has not been "admitted" through a lawful entry at a port of entry." ECF No. 11 at 3 (emphasis in the original). This Court has already analyzed the issue regarding individuals already present and living in the United States, holding "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years." *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *6 (D. Colo. Oct. 17, 2025). Here, Petitioner has lived continuously in the United States for over twenty years. As this Court, and dozens of other federal district courts across the country have concluded, 8 U.S.C. § 1225(b)(2) cannot be read to mandate detention of non-citizens already present within the United States.[1]

---

[1] *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No.

Thus, Respondents have not shown that Petitioner's detention is required under § 1225(b)(1) or § 1225(b)(2). Because § 1225(b) is inapplicable to Petitioner, Respondents may not now impose mandatory detention pending his removal decision. The court concludes that the Petitioner's detention is properly governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). Thus, because Petitioner should have been, but was not, considered for release on bond under § 1226(a), the Court will grant his petition and order the immigration court to conduct a bond hearing.

### III.   CONCLUSION

Accordingly, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), Petitioner's Petition, ECF No. 1, and Motion to Expedite, ECF No. 10, are **GRANTED**. Respondents are hereby **ORDERED** to release Petitioner from custody immediately, but no later than within 24 hours of this Order, and file a status report within **TWO DAYS** of this order to certify compliance. Respondents are further **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **FIVE DAYS** of the date of this Court's order, at which time the government will bear the burden of justifying Petitioner's

---

1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

continued detention by clear and convincing evidence of dangerousness or flight risk.[2] The Court further **ORDERS** Respondents to file a status report within **TWO DAYS** after Petitioner's bond hearing to certify compliance. The status report shall state (1) if and when the bond hearing occurred; (2) if bond was granted or denied; (3) if bond was denied, the reasons for the denial; (4) if Petitioner was subjected to any conditions of supervised release; and (5) if any conditions of supervised release were imposed, the extent of those conditions.

DATED: March 6, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

---

[2] As this Court has previously found, the Fifth Amendment's procedural due process protections require that the government bear the burden of proof at 8 U.S.C. § 1226(a) bond hearings. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024). As Respondents put forth no argument regarding which party should bear the burden of proof in their response, any such argument is waived. *See, e.g.*, *C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court properly dismissed an argument as "abandoned" where the party failed to include that argument in response to arguments raised in a motion to dismiss).